IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:24-CV-00290

| | |
|---|---|
| AMBER HOSACK, for herself ) <br> and dog "Gracie" as Guardian, ) <br> RIPARIAN RIGHTS GUARDIAN, ) <br> CLASS OF COMMUNITY TO BE ) <br> NAMED BY HOSACK, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> FEMA, AMERICAN RED CROSS, ) <br> LANDLORD DOG OWNER ) <br> ROSS CRAIG SAULTERS, ) <br> BOYFRIEND "JOHN DOE", ) <br> EPA, WATER UTILITIES ) <br> COMPANY, LANDOWNERS ) <br> FAILING TO PROVIDE ) <br> WARRANTY OF HABITABILITY, ) <br> ) <br>     Defendants. ) | **NOTICE OF REMOVAL** <br><br> Formerly 24CV001454-870 <br> Transylvania County <br> Superior Court Division |

COMES NOW the United States of America, on behalf of the Defendant Federal Agencies, the Federal Emergency Management Agency ("FEMA") and the Environmental Protection Agency ("EPA"), by and through Dena J. King, United States Attorney for the Western District of North Carolina, and pursuant to 28 U.S.C. §§ 1441(a), 1441(c), 1442(a)(1) and 1446, and hereby makes this special and limited

1

appearance[1] while preserving all defenses and removes to the United States District Court for the Western District of North Carolina, Asheville Division, the action styled *Hosack, et al. v. FEMA, et al.*, 24CV001454-870, which was filed in the Superior Court for Transylvania County, North Carolina. In accordance with 28 U.S.C. § 1446(a), the United States provides the following short and plain statement of the grounds for removal:

1. On November 1, 2024, Amber Hosack, (hereinafter "Plaintiff") commenced this civil action by filing a Complaint in the Superior Court Division of Transylvania County, North Carolina (hereinafter "Complaint"). Attached hereto as Exhibit A. The FEMA and EPA were named as Defendants.

2. In Count I of the Complaint, Plaintiff alleges that FEMA wrongfully denied her FEMA application based on FEMA's policy regarding the number of residences covered in Hurricanes Helene and Milton. In Count III of the Complaint, Plaintiff challenges application of FEMA policy regarding the circumstances in which FEMA payments can be made. In her claim for Injunctive Relief, Plaintiff seeks a forensic audit of FEMA and "to see each transaction of FEMA . . . ." Plaintiff in her claim for Damages seeks $454,880,000.00 from FEMA and

---

[1] This special and limited appearance is made because Plaintiff has not properly served the FEMA and EPA. *See infra § 9*, which explains that "special appearance" is not necessary in federal court when all defenses are being preserved. The undersigned uses this term out of an abundance of caution since this document will be filed in both federal and state court.

"$8,880,000.00 against individuals working in FEMA." In Count VIII of the Complaint, Plaintiff challenges the administration of the federal disaster assistance program by FEMA. EPA is listed as a defendant, and a number of allegations are made against defendants in general, which apparently also relate to EPA.

3. FEMA and EPA have not been properly served.

4. Federal Court jurisdiction for the removal of this action is based upon multiple independent grounds. These grounds for removal while independent bases for removal, also mutually reinforce each ground for removal. Accordingly, removal is proper under 28 U.S.C. § 1441 and 1442(a)(1).

5. First, Plaintiff alleges claims against FEMA and EPA, which are federal agencies. Section 1442(a)(1), of Title 28, United States Code, provides that lawsuits against federal agencies may be removed to federal court, in pertinent part that:

> (a) A civil action . . . that is commenced in State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending.
>
> (1) The United States or any agency thereof . . . ;

28 U.S.C. § 1442(a)(1). These claims allege improper administration of disaster assistance by FEMA. FEMA and EPA have multiple defenses to these claims including but not limited to insufficiency of service, insufficiency of process, lack of personal jurisdiction, failure to exhaust administrative remedies, failure to state a

3

claim upon which relief can be granted, sovereign immunity, the Stafford Act, the Tucker Act, and other jurisdictional and non-jurisdictional defenses.

6. Second, under 28 U.S.C. § 1441(a), the United States District Courts have subject matter jurisdiction of FTCA claims as set forth in 28 U.S.C. § 1346 (b)(1). To the extent Plaintiff challenges FEMA administration of a federal disaster program, her claims may be ones that arises under the Administrative Procedure Act (APA) cases. 5 U.S.C. § 702. As the Fourth Circuit has explained:

> The APA "is not a jurisdiction-conferring statute." *Trudeau v. FTC,* 456 F.3d 178, 183 (D.C.Cir.2006). Rather, the jurisdictional source for an action under the APA is the "federal question" statute, which grants the district court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, and thereby "confer[s] jurisdiction on federal courts to review agency action." *Califano v. Sanders,* 430 U.S. 99, 105, 97 Sc.D.. 980, 51 L.Ed.2d 192 (1977). The judicial review provisions of the APA, *see* 5 U.S.C. §§ 701–706, simply provide "a limited cause of action for parties adversely affected by agency action." *Trudeau,* 456 F.3d at 185; *see Bowen v. Massachusetts,* 487 U.S. 879, 891 n. 16, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court ha[s] jurisdiction under 28 U.S.C. § 1331.").

*Lee v. U.S. Citizenship & Immigr. Servs.,* 592 F.3d 612, 619 (4th Cir. 2010). Accordingly, this is a "civil action" "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(c).

4

Case 1:24-cv-00290-MR-WCM     Document 1     Filed 11/25/24     Page 4 of 8

7. Third, Plaintiff's challenges to the administration of federal disaster programs present claims that "arise[s] under . . . the laws . . . of the United States." *See* 28 U.S.C. § 1441. *See supra* ¶¶ 6, which are incorporated by reference.

8. Removal is timely.[2] FEMA and EPA have not been properly served[3] with a copy of the Summons and Complaint as required by Fed. R. Civ. P. 4(i). Rule 4(i)(1) of the Federal Rules of Civil Procedure sets forth the procedure for effecting service of process on the United States, and provides that service of process upon the United States is made by taking the following steps:

> . . .deliver[ing] a copy of the summons and complaint to the United States attorney for the district where the action is brought . . . or [by] send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] . . .
>
> Send[ing] a copy of each [summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A)-(B). To serve a United States agency or corporation, "a party must serve the United States and also send a copy of the Summons and of the

---

[2] *See King v. United Way of Central Carolinas, Inc.*, No. 3:-09-CV-164-MDR, 2009 WL 2426303 at *3 (W.D.N.C. Aug. 5, 2009) (holding that a defendant may remove an action prior to perfection of service of process, noting "the fact that this time period has not yet begun to run does not prohibit the defendant from exercising his right to remove.").

[3] A summons to FEMA was purportedly served on November 14, 2024. The undersigned has not been able to verify whether the person the summons was served upon had authority to accept service on behalf of FEMA. Additionally, neither the United States Attorney nor Attorney General have been served.

5

Case 1:24-cv-00290-MR-WCM   Document 1   Filed 11/25/24   Page 5 of 8

complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

9. By filing this Notice of Removal, the United States preserves all defenses, including all defenses set forth in Federal Rules of Civil Procedure 12(b)(2)-(5), including lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. *See* Fed. R. Civ. P. 12(h); *see also AMA Sys., LLC v. Vonnic, Inc.*, No. 1:22-CV-00652-JRR, 2022 WL 2161715, at *5 (D. Md. June 15, 2022) (finding no waiver of Rule 12(b)(2) & (b)(3) defenses where defendants initially filed notices of appearance and a motion to extend time to respond prior to seeking dismissal, in part because the initial filings did not ask the Court to analyze the case's merits); *Glynn v. EDO Corp.*, 641 F. Supp. 2d 476, 487 (D. Md. 2009) (filing initial appearance does not waive Rule 12 jurisdictional defenses); *cf. Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 204 (4th Cir. 1967) ("[S]ince the advent of Rule 12(b), Fed. R. Civ. P., the distinction between general and special appearances in federal practice has been abolished. There is no longer any necessity for appearing specially, as subdivision (b) provides that every defense may be made either in the responsive pleading or by motion.") (citation and internal marks omitted).[4]

---

[4] This Notice of Removal is also being filed in state court, where "special appearance," as distinguished from general appearance, is still used. *See Slattery v. Appy City, LLC*, 385 N.C. 726, 731, 898 S.E.2d 700, 705 (2024) ("Thus, if a defendant makes a general appearance without

10. A copy of the Notice of Removal will be promptly filed in case file number 24CV001454-870 in the Superior Court Division, Transylvania County, North Carolina, and notice will be provided to Plaintiff at the address as listed in the Certificate of Service.

WHEREFORE, this action previously pending in the Superior Court for Transylvania County, North Carolina, and identified as *Hosack, et al. v. FEMA, et al.*, 24CV001454-870, is hereby removed to the United States Court for the Western District of North Carolina.

Respectfully submitted, this the 25th day of November, 2024.

DENA J. KING
UNITED STATES ATTORNEY

**s/GILL P. BECK**
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION
N.C. Bar No. 13175
Room 233, U. S. Courthouse
100 Otis Street
Asheville, North Carolina 28801-2611
Phone: 828-271-4661
Fax: 828-271-4327
Email: gill.beck@usdoj.gov

---

objecting to personal jurisdiction or the sufficiency of service of process, those defenses are waived, and the court may properly exercise personal jurisdiction."); *In re Blalock*, 233 N.C. 493, 503, 64 S.E.2d 848, 855 (1951) ("An appearance merely for the purpose of objecting to the lack of any service of process or to a defect in the process or in the service of it, is a special appearance. In such case the defendant does not submit his person to the jurisdiction of the court.").

# CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Removal was duly served upon the party herein by mailing a copy thereof, postage prepaid and properly addressed at the last known addresses as follows:

Amber Hosack
602 SW 49th Lane
Cape Coral, Florida 33914

Amber McLean
PO Box 1793
Asheville, NC 28802-1793

Additionally, it should be noted that a representative of the United States Attorney's Office contacted the Clerk of Superior Court in Transylvania County for a more accurate or current address and the Clerk's office reported that they did not have any address for the plaintiff.

This the 25th day of November, 2024.

                                              s/GILL P. BECK
                                              ASSISTANT UNITED STATES ATTORNEY
                                              CHIEF, CIVIL DIVISION