THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00290-MR-WCM

| | |
|---|---|
| AMBER HOSACK, for herself and dog "Gracie" as Guardian, Riparian Rights Guardian, Class of Community to Be Named by Hosack,<br><br>            Plaintiff,<br><br>vs.<br><br>FEMA, AMERICAN RED CROSS, LANDLORD DOG OWNER ROSS CRAIG SAULTERS, BOYFRIEND "JOHN DOE," EPA, WATER UTILITIES COMPANY, and LANDOWNERS FAILING TO PROVIDE WARRANTY OF HABITABILITY,<br><br>           Defendants. | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by the United States of America on behalf of the Federal Emergency Management Agency (FEMA) and the Environmental Protection Agency (EPA) (hereinafter "the Federal Defendants") [Doc. 6] and the Plaintiff's "Remand to State Court Notice of Illegal Removal," which the Court construes as a motion to remand [Doc. 10].

I. **PROCEDURAL BACKGROUND**

The Plaintiff Amber Hosack, proceeding *pro se*, filed the present action in the Superior Court for Transylvania County on November 1, 2024. In her Complaint, she names the following Defendants: FEMA, the American Red Cross, "Landlord Dog Owner Ross Craig Saulters," "Boyfriend 'John Doe,'" the EPA, "Water Utilities Company, and "Landowners Failing to Provide Warranty of Habitability." [Doc. 1-1]. While her claims are difficult to discern, it appears that the Plaintiff is claiming that she was denied the right to apply for FEMA disaster assistance following Tropical Storm Helene[1]; she was denied access to a shelter by the American Red Cross; and that she was wrongfully denied access to water or to a "water security insurance 'back up plan' to provide water to society and nature." [Doc. 1-1 at 3]. She purports to bring such claims on behalf of herself, as well as her dog "Gracie," and as a "riparian rights guardian" and on behalf of a "class of community to be named by Hosack." [Id. at 1].

---

[1] It is unclear from the Complaint whether the Plaintiff attempted to seek FEMA disaster assistance in North Carolina or in Florida, which was affected by both Hurricane Helene and Hurricane Milton. To the extent that the Plaintiff's claims relate to incidents that occurred in Florida, this Court is not the proper venue for such an action. See Fed. R. Civ. P. 12(b)(3).

For relief, she seeks a multi-million dollar award against all of the Defendants, including $454,800,000 in compensatory damages against FEMA. [Doc. 1-1 at 7]. She also seeks injunctive relief, including the creation of an "animal abuse registry" and the creation of "a proper society plan of public baths, showers, fountains, wells, shelter for homeless individuals…." [Id. at 8].

The United States removed this action on November 25, 2024, and thereafter filed a Motion to Dismiss the Federal Defendants. [Doc. 6]. On January 7, 2025, the Magistrate Judge entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), advising the Plaintiff of her right to respond to the Government's Motion. [Doc. 9]. The Plaintiff was given until January 28, 2025, to file such a response. [Id.]. The Plaintiff did not timely respond to the Government's Motion. Instead, on February 5, 2025, she filed the "Remand to State Court" [Doc. 10], a "Notice of Fraud via Removal" [Doc. 11], and a "Notice of Violation of Due Process" [Doc. 12].

## II. DISCUSSION

As an initial matter, to the extent that the Plaintiff's filing entitled "Remand to State Court" can be construed as a motion for remand, such motion is denied. A motion to remand based on any defect other than a lack of subject matter jurisdiction must be made within 30 days after the filing of

the notice of removal.  See 28 U.S.C. § 1447(c).  The Plaintiff filed her notice on February 5, 2025, well outside of this 30-day window.  Accordingly, the Plaintiff's request for a remand is untimely and is denied.

To the extent that the Plaintiff claims that she was denied FEMA assistance, the Government has presented certified business records establishing that she has never registered or applied for such assistance.[2] [See Doc. 8-1: Verified Statement of Silvia Whoolery].  With respect to the EPA, the Plaintiff makes no allegations within the Complaint as to EPA's liability.  As for the other named Defendants, the Plaintiff's allegations against them are frivolous, irrational and unintelligible.  As such, the Complaint is legally baseless and presents no cognizable basis upon which the Court can grant any relief.  A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'").  The Court

---

[2] Generally, the Court cannot consider matters outside the pleadings on a motion to dismiss without converting it into a motion for summary judgment.  See Fed. R. Civ. P. 12(d).  The Court, however, may consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (citations omitted).

4

has inherent authority to dismiss a frivolous action *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). Accordingly, in the exercise of its discretion, the Court will dismiss this action as frivolous.

This is one of four actions involving the Plaintiff that are currently pending before the Court. Each of these actions involve frivolous, irrational and often incomprehensible allegations. The Plaintiff is hereby advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to

5

the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 6] is **GRANTED**, and the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as frivolous.

**IT IS SO ORDERED.**

Signed: February 6, 2025

Martin Reidinger
Chief United States District Judge